UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE NALLS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-00597-SNLJ |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The Commissioner of the Social Security Administration denied plaintiff Eugene Nalls' applications for disability insurance benefits and supplemental security income benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. Nalls now seeks judicial review. The Commissioner opposes the motion. Nalls filed a reply. The issues being fully briefed, and for the reasons set forth, this Court will **AFFIRM** the Commissioner's decision.

**I.     Procedural History**

Nalls' application was denied at the initial determination level. He then appeared before an Administrative Law Judge ("ALJ"). The ALJ found Nalls is not disabled because he does not have a severe impairment. Nalls then filed a request for review of the ALJ's decision with the Appeals Council of the Social Security Administration. The Appeals Council denied review. Thus, the decision of the ALJ stands as the final

1

decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Nalls now seeks review by this Court pursuant to 42 U.S.C. § 405(g).

## II. Disability Determination—Five Steps

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental

ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(c), 404.1520a(d), 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(3)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" (RFC) to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(5)(i), 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotations omitted); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant

is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Bladow v. Apfel*, 205 F.3d 356, 358–59 n.5 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)( v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

### III. The ALJ's Decision

At Step One, the ALJ found Nalls met the insured status requirements through September 30, 2018, and had not engaged in substantial gainful activity since May 30, 2013. (Tr. 17). At Step Two, the ALJ found Nalls suffers from three medically

4

determinable impairments: (1) hidradenitis; (2) depression; and (3) borderline low-average intellectual functioning. (Tr. 17). However, none of these impairments were deemed "severe impairments" because, whether considered individually or in combination, none significantly limited Nalls' ability to perform basic work activities. (Tr. 20). Having concluded Nalls does not suffer from "severe impairments," his claim was denied at Step Two.

## IV.   Standard of Review

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is less than a preponderance of the evidence but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (alteration in original) (*quoting Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court must also consider any evidence that fairly detracts from the Commissioner's decision. *Id.* "[I]f there is substantial evidence on the record as a whole, [the Court] must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992). In reviewing whether the ALJ's decision was supported by substantial evidence, this Court does not substitute its own judgment for that of the ALJ—even if different conclusions could be drawn from the evidence, and

even if this Court may have reached a different outcome. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

**V.     Discussion**

Nalls, who challenges only those findings related to his hidradenitis, asserts the ALJ erred in two respects. First, Nalls argues the ALJ erred by failing to find that his hidradenitis met or equaled Listing 8.06 at Step Three. Second, Nalls argues the ALJ erred by failing to continue the sequential evaluation process through Step Four and Step Five even though the ALJ stated Nalls' impairments do not meet or equal any listing. Nalls' arguments rest on a presumption that the ALJ reached Step Three. However, the Commissioner explains the ALJ, in fact, ended his analysis at Step Two and, therefore, concludes Nalls' arguments are baseless.

It is true that the ALJ may resolve the analysis at Step Two, without proceeding further, "when the claimant's impairment or combination of impairments would have no more than a minimal impact on [claimant's] ability to work." *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). But, the parties vehemently disagree about whether the ALJ stopped his analysis on that basis. As Nalls points out, the ALJ's concluding paragraph is imprecise:

> "There is no clear evidence that claimant has a skin disorder meeting or equaling a listing. There is no evidence that the claimant's skin disorder results in more than mild limitations in functioning … the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Thus, the claimant does not have a severe impairment[.]"

(Tr. 20).

That conclusion—touching upon impairment severity, listings, and functioning—appears to intermix Steps Two, Three, and Four. Still, that particular paragraph, imprecise as it may be, cannot be read in a vacuum. It is clear from the totality of the ALJ's decision that he drew his conclusion upon Step Two, determining that Nalls' impairments were not so severe as to significantly limit his ability to work.

It is all the more clear that the ALJ drew his conclusion upon Step Two when one considers the distinct purposes of Steps Two and Three. Step Two, purposed to determine whether an impairment has more than a minimal effect on a claimant's ability to work, is a "*de minimis* screening device [used] to dispose of groundless claims." *Newell v. Commissioner*, 347 F.3d 541, 546 (3rd Cir. 2003). Conversely, while Step Three is also an apparatus designed to fast-track claims with an obvious end, it sits on the opposite end of Step Two—the "listings were designed to operate as a presumption of disability that make further inquiry unnecessary." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). Put simply, Step Two resolves meritless claims; whereas, Step Three resolves clearly meritorious ones. *See Bowen v. Yuckert*, 482 U.S. 137, 154 (1987); *see also Eastman v. Berryhill*, 2018 WL 4376410 at *22 (D.S.D. Aug. 7, 2018) (noting "some overlap between step two and step three," but finding that "[while] a condition that is 'severe' at step two may also result in a finding of 'disabled' under the Listings at step three … the reverse is not true.").

Even a cursory reading of the ALJ's decision makes clear that he found Nalls' claims *meritless*, not that he was struggling with whether to find that they were *meritorious* under the Listings. Accordingly, the Court finds the ALJ, in fact, concluded

7

his analysis at Step Two—notwithstanding whatever inartfulness may exist in the closing paragraph.

So, it must be asked, what, if any, effect does the decision's inartfulness have? "An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where the deficiency probably has no practical effect on the outcome of the case." *Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998). Thus, the question, properly framed, becomes whether there is substantial evidence in the record to support the ALJ's conclusion—notwithstanding its inartfulness—that Nalls' hidradenitis posed only minimal limitations to his ability to work.

The Court finds the ALJ's conclusion is supported by substantial evidence. While Nalls' hidradenitis causes episodes of boils and skin lesions that are both painful and emit foul odor, Nalls admitted at his hearing that he nonetheless continues to work at in the fast food industry, is able to clean his work station, spends time playing cards, regularly attends church, and goes shopping with his family. (Tr. 66-73, 259-269, 371). These activities suggest Nalls does not, in fact, have a severe impairment. *See Phillips v. Colvin*, 721 F.3d 623, 631 (8th Cir. 2013); *Tyson v. Colvin*, 124 F.supp.3d 939, 945 (E.D. Mo. 2015). And while Nalls' doctor, R. Baird, provided a medical source statement indicating Nalls' condition meets Listing 8.06, there appears to be no clinical or laboratory findings supporting such a conclusion. *See Johnson v. Astrue*, 628 F.3d 991, 994 (8th Cir. 2011) (ALJ did not err in discounting medical source statement from treating physician that did not comport with the record as a whole); *Choate v. Barnhart*, 457 F.3d 865, 870 (8th Cir. 2006) (ALJ did not err in refusing to give weight to medical source statement that was

conclusory and was unsupported by objective laboratory findings). Nor is there any indication that Baird, in filling out a check-box-type statement, understood or was otherwise told exactly what "extensive skin lesions" mean according to the Listings, which is not necessarily intuitive or subject to a plain reading. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 8.00(C)(1)(a)-(c) ("extensive skin lesions" are those causing "very serious limitation" to "motion of your joints," "seriously limit your use of more than one extremity," "seriously limit your ability to do fine and gross motor movements," and/or "very seriously limit your ability to ambulate."). The ALJ did not err in giving Baird's opinions "no weight."[1]

On balance, there appears to be no supportive records—outside of Baird's conclusory statements—that Nalls' hidradenitis in any way limits his ability to work, a burden squarely upon Nalls to prove. *Kirby v. Astrue*, 500 F.3d 705, 707-708 (8th Cir. 2007). To the contrary, many of the medical records from other providers show only mild symptomology controlled through appropriate medical treatment. (Tr. 331-332, 350-351, 376-378, 402, 410-411. 419, 428, 455, 463-464, 471-472, 479, 501). And none of the providers, beyond Baird, hint at impairments of any severity that would tend to limit

---

[1] Recognizing the potential overlap between Steps Two and Three, Dr. Baird's statement, if taken as true, would tend to establish that Nalls is "disabled" under Step Three (having satisfied a particular listing), which would necessarily establish that Nalls has a "severe impairment" under Step Two. *See Eastman*, 2018 WL 4376410 at *22. Essentially, Nalls desires to use Baird's check-box statement, in isolation, to swing the pendulum from a meritless claim under Step Two to a meritorious claim under Step Three all on the basis of a single checkmark. If the pendulum is to swing such a large distance between two extremes, the foundation of the statement must be carefully scrutinized—as was done here. *See Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) ("[A] conclusory checkbox form has little evidentiary value when it cites no medical evidence, and provides little to no elaboration"). In this respect, Baird's statement was found wanting, appearing to have no objective grounding whatsoever.

Nalls' ability to work. There is, thus, ample support for the ALJ's conclusion that Nalls' hidradenitis poses only minimal limitations to his ability to work.

In sum, this Court does not find that the ALJ erred in resolving Nalls' claims at Step Two and, thus, Nalls' arguments premised on Step Three are baseless.

**VI.    Conclusion**

This Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. It does not substitute its own judgment for that of the ALJ. *McNamara*, 590 F.3d at 610. Having found the ALJ's conclusions were supported by substantial evidence and that legal standards were correctly applied, this Court affirms the ALJ's decision.

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED**, and plaintiff's complaint (#1) is **DISMISSED with prejudice**. A separate judgment will accompany this Order.

So ordered this 30th day of November 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE